UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEUROS CO., LTD and AVIATION AND POWER GROUP INC. d/b/a APG-NEUROS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> KTURBO INC., <br><br> Defendant. | Case No. 08-cv-5939 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

On October 30, 2009, Plaintiffs, Neuros Co., Ltd. and Aviation and Power Group Inc. d/b/a APG-Neuros, Inc. (collectively, "Plaintiffs"), filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 37, seeking to exclude an expert witness of Defendant KTurbo Inc. ("KTurbo") from trial. On December 2, 2009, the Court denied Plaintiffs' requested relief but awarded other sanctions against KTurbo, including an award of fees and costs associated with Plaintiffs' motion. Pursuant to the Court's December 2 Order, Plaintiffs submitted a Petition for Fees and Costs Associated with Plaintiffs' Motion to Exclude Defendant's Expert, which is presently before the Court. KTurbo objects to portions of Plaintiffs' Petition.

## LEGAL STANDARD

Payment of reasonable expenses, including attorney's fees, may be awarded as a sanction under Federal Rule of Civil Procedure 37(c). A district court must assess the reasonableness of any fees and costs requested. *Trustees of Chicago Plastering Inst.*

*Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 904-05 (7th Cir. 2009). The party requesting fees and costs bears the burden of showing that those expenses were necessarily incurred and reasonable. *Id.* at 906.

The analysis of an appropriate fee award begins with the "lodestar" figure – i.e., the number of hours reasonably expended, multiplied by a reasonable hourly rate. *Enoch v. Tienor*, 570 F.3d 821, 823 (7th Cir. 2009). Once that figure is determined, the court may reduce or enlarge that amount based on such considerations as whether the documentation of expenses is adequate, whether "billing judgment" was used, and the results obtained. *Id.* at 823-24.

## ANALYSIS

Plaintiffs request an award of fees and costs in the amount of $16,081.59 for expenses incurred in connection with their motion to exclude KTurbo's expert. KTurbo argues that some of Plaintiffs' fees are unreasonable, excessive, redundant, duplicative, or inadequately documented and asks the Court to award no more than $7,436.[1]

The Court first must determine whether Plaintiffs' hourly rates are reasonable. A reasonable hourly rate is calculated according to prevailing market rates for the services rendered. *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1310 (7th Cir. 1996) (citing *Missouri v. Jenkins*, 491 U.S. 274, 283 (1989)). An attorney's market rate is that charged for similar services by attorneys in the community

---

[1] In a footnote, KTurbo also argues that Plaintiffs failed to comply with Local Rule 54.3(d) and should be awarded nothing. But Local Rule 54.3(d), which provides rules for filing fee petitions pursuant to Federal Rule of Civil Procedure 54, specifically provides that it "does not apply to motions for sanctions under Fed. R. Civ. P. 11 or other sanctions provisions." LR54.3(a)(4).

of "reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (*Blum*).

Plaintiffs seek reimbursement for the work of four attorneys, each of whom bills at a different rate. The billing rate of David Pocius, a senior associate at the firm of Paul Frank + Collins P.C., is $215 per hour. John Sartore, a partner at the same firm, charges $300 per hour. Plaintiffs' local counsel, Mayer Brown LLP, is more expensive. Sarah Streicker, a sixth-year associate, has a billing rate of $450 per hour; and Joshua Yount, a partner, has a billing rate of $560 per hour.

Pocius and Yount each submitted affidavits, attesting to the reasonableness of the expenses incurred by their respective firms. Both assert that their respective billing rates, and those of their colleagues, are the standard rates the firms charge clients for those services. The Seventh Circuit has held that "[a]n attorney's self-serving affidavit alone cannot satisfy the plaintiff's burden of establishing the market rate for that attorney's services." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 556 (7th Cir. 1999) (*Spegon*) (citing *Blum*, 465 U.S. at 895 n.11). Although it would be preferable if counsel had provided additional evidence – showing that similar clients paid comparable rates, for example – KTurbo has not objected to the hourly rates of any of the attorneys; and the Court finds those rates to be reasonable among lawyers in the relevant community.

KTurbo does, however, contest the number of hours purportedly invested by Plaintiffs' attorneys. The breakdown is as follows: Pocius spent 25.9 hours reviewing the expert report, drafting correspondence, conducting legal research, and drafting the motion to exclude and supporting reply brief. Sartore, his supervising partner, spent

3

0.6 hours conferring with Pocius about the motion. Streicker invested 10.5 hours reviewing and revising the motion to exclude, preparing for and attending a hearing, and conducting other tasks related to the motion. Yount devoted 9.25 hours to reviewing the expert report, conferring with co-counsel, and revising Plaintiffs' motion and reply brief. In total, 46.25 hours of attorney time were devoted to Plaintiffs' motion to exclude. Under the lodestar method, 46.25 hours is not an unreasonable amount of time to devote to analyzing an expert report, conducting necessary legal research, and drafting a motion and reply brief. The Court now turns to KTurbo's specific challenges in order to determine whether other considerations warrant reducing Plaintiffs' requested amount.

KTurbo does not take issue with the $5,748.50 billed by the Paul Frank attorneys, so recovery of those fees will be allowed. KTurbo does, however, object to what it considers to be duplicative work performed by local counsel. KTurbo argues that Plaintiffs should have reduced their bill by exercising "billing judgment" and that the Court should further discount the overall award for what KTurbo considers to be a limited degree of success. "Billing judgment" requires a party seeking fees to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Spegon*, 175 F.3d at 552 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (*Hensley*)).

Streicker devoted 3.75 hours to preparing for and attending a court hearing. KTurbo contends that these charges are reasonable but takes issue with the remaining 6.75 hours Streicker contributed to the drafting of Plaintiffs' papers. KTurbo also takes

4

issue with the entire 9.25 hours billed by Yount, Plaintiffs' most expensive attorney, arguing that the work could have been handled by less-expensive attorneys.

Yount purportedly spent 2.25 hours reviewing the expert report and conferring with co-counsel, 4.5 hours reviewing and revising Plaintiffs' motion to exclude, 1.5 hours reviewing KTurbo's response and discussing it with co-counsel, and 1 hour reviewing and revising Plaintiffs' reply brief. The time Streicker billed outside of hearing preparation is for similar activities. Although it is not unreasonable for a senior associate to review the work of a more-junior associate before presenting it to a partner for review, the total hours allocated for review appear to be unnecessarily increased. "Overstaffing cases inefficiently is common, and district courts are therefore encouraged to scrutinize fee petitions for duplicative billing when multiple lawyers seek fees." *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 856 (7th Cir. 2009) (citation omitted). Here, a partner and a sixth-year associate devoted substantial time to the same tasks. Plaintiffs have not met their burden of demonstrating it was necessary for a partner to devote 9.25 hours to reviewing work already reviewed by a sixth-year associate. Therefore, fees for Yount's time are denied.[2]

KTurbo also argues that the Court should decrease the fee award because Plaintiffs were not successful in securing their requested relief of complete exclusion. KTurbo relies on *Hensley*, for the proposition that a fee award should be reduced if the party achieves only partial success in litigation. But *Hensley* addressed an award of fees

---

[2] This is not to say that Yount's services were not utilized, only that Plaintiffs did not meet their burden of demonstrating it was necessary and reasonable for two high-dollar attorneys to engage in the apparently duplicative tasks of "review[ing] and revis[ing]" Plaintiffs' briefs and relevant materials.

5

to the prevailing party under the Civil Rights Attorney's Fees Award Act and held that the district court should consider the results obtained by the attorney in determining to what extent that attorney ultimately prevailed in the litigation. 461 U.S. at 428, 434. If an attorney does not prevail on all claims, the amount of recoverable fees should be reduced. *Id.* at 434-35. In this case, fees were awarded as a discovery sanction, and the Court specifically ordered KTurbo to "pay fees and costs associated with Plaintiffs' motion" based on finding that KTurbo failed to provide a complete expert report by the deadlines imposed by the Federal Rules of Civil Procedure and the scheduling orders of this Court. The award will not be reduced based on KTurbo's attempt to characterize Plaintiffs' motion as less than successful.

Finally, KTurbo takes issue with Plaintiffs' entries for expenses other than attorney time. Plaintiffs seek reimbursement in the amount of $238.09 for computerized legal research and $190.00 in expenses associated with filing Plaintiffs' papers. KTurbo argues that these costs are "simply overhead" and not recoverable.

The Seventh Circuit has specifically held that computerized legal research expenses are recoverable as a subset of attorney's fees. *See Dupuy v. McEwen*, 648 F. Supp. 2d 1007, 1031 (N.D. Ill. 2009) (*Dupuy*) (citing *Haroco, Inc. v. Am. Nat'l Bank & Trust Co. of Chicago*, 38 F.3d 1429, 1440 (7th Cir. 1994)). But the petitioning party bears the burden of documenting those expenses adequately enough to allow recovery. In *Dupuy*, a district court denied recovery for computerized-legal-research fees where the entries provided nothing more than a date and "Westlaw online legal research charges." *Id.* The court stated that the court and opposing counsel were not "responsible

for combing through these various ledger entries and making educated guesses as to what legal research was performed on various dates, and whether the amount charged for that research is reasonable." *Id.* Here, Plaintiffs' ledger entries are similarly deficient. Like in *Dupuy*, Plaintiffs provided two entries that listed "Westlaw legal research charges." Both of those entries are listed for dates on which no legal research occurred. These expenses are denied.

Plaintiffs' docketing expenses also are denied. Plaintiffs charged 1.25 hours of paralegal time for the electronic filing of Plaintiffs' motion and reply brief and another 0.75 hours for delivery of a courtesy copy to this Court's chambers. Although filing documents electronically does require some specialized knowledge, Plaintiffs' time appears to be excessive – 0.75 hours were logged for filing a nine-page reply brief with a three-page exhibit – and it is impossible to separate recoverable fees from those clerical tasks that are more properly included in overhead. *See Spegon*, 175 F.3d at 553 (stating that district court should disallow paralegal fees for "clerical" or "secretarial" tasks). Accordingly, these expenses are denied.

Thus, Plaintiffs' Petition is granted with regard to the following expenses:

| | |
|---|---|
| 25.9 hours billed by David Pocius at $215 per hour | $5,568.50 |
| 0.6 hours billed by John Sartore at $300 per hour | $180.00 |
| 10.5 hours billed by Sarah Streicker at $450 per hour | $4,725.00 |
| **TOTAL:** | **$10,473.50** |

Plaintiffs' Petition is denied with regard to Joshua Yount's time and computerized-legal-research and filing expenses.

## CONCLUSION

Plaintiffs' Petition is granted to the extent discussed above. KTurbo is ordered to pay $10,473.50 to Plaintiffs within 14 days of the entry of this order.

Date: February 9, 2010

JOHN W. DARRAH
United States District Court Judge