UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NEUROS CO., LTD and AVIATION )
AND POWER GROUP, INC. d/b/a )
APG-NEUROS, INC., )
)
    Plaintiffs, ) Case No. 08-cv-5939
)
v. ) Judge John W. Darrah
)
KTURBO, INC., )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Neuros Co., Ltd. and Aviation and Power Group, Inc. (collectively, "APG-Neuros"), and Defendant, KTurbo, Inc. ("KTurbo"), are competing manufacturers of high-speed turbo blowers used in Waste Water Treatment Plants. APG-Neuros brought this six-count action against KTurbo, alleging violations under the Lanham Act, Illinois statutes, and the common law. KTurbo responded with six counterclaims. The case was tried without a jury. On May 3, 2011, the Court entered a Memorandum Opinion and Order, disposing of the case. APG-Neuros prevailed on only one of its claims (for defamation *per se*) and was awarded $60,000 in compensatory and punitive damages. KTurbo did not prevail on any of its counterclaims.

Presently before the Court is APG-Neuros's Bill of Costs in the amount of $37,789.99. As discussed below, costs are allowed in part and denied in part.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(d)(1), costs, other than attorney's fees, should be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). There is a strong presumption in favor of awarding costs to the prevailing party. *Weeks v.*

*Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). The burden is on the non-prevailing party to overcome this presumption. *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006). District courts enjoy wide discretion in determining and awarding reasonable costs. *Testa v. Vill. of Mundelein, Illinois*, 89 F.3d 443, 447 (7th Cir. 1996). Recoverable costs are set forth in 28 U.S.C. § 1920 and include the following: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters. *See* 28 U.S.C. § 1902.

A court does not, however, have "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur. . . . [I]tems proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964). A prevailing party is entitled to recover costs only if (1) the expenses are allowable under § 1920 and (2) the expenses are reasonable both in amount and necessity to the litigation. *Deimer v. Cincinnati Sub-Zero Prod., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995).

## ANALYSIS

APG-Neuros requests recovery of the following in its Bill of Costs: fees of the clerk and for service of process ($520.00); court-reporter fees for deposition, hearing, and trial transcripts ($12,512.61); witness fees and expenses ($7,378.69); copying charges ($9,775.36); exemplification expenses ($3,290.83); and compensation of interpreters ($4,312.50). KTurbo does not challenge APG-Neuros's contention that APG-Neuros prevailed over KTurbo and is thus entitled to costs, generally. Instead, KTurbo asserts

that not all of the requested costs are allowable, necessary, and reasonable. Each item on APG-Neuros's Bill of Costs is examined in turn.

### *Fees of the Clerk and for Service of Process*

APG-Neuros seeks to recover the cost of its filing fee and the cost of serving KTurbo with a summons and a copy of the Complaint. These costs are recoverable pursuant to 28 U.S.C. § 1920(1) and are not contested by KTurbo. APG-Neuros provides receipts for its payment of the filing fee and for service of process. Costs are allowed for these charges in the amount of $520.00.

### *Transcript Costs*

APG-Neuros's Bill of Costs identifies a total of $12,512.61 in court-reporter fees for the preparation of deposition, hearing, and trial transcripts. KTurbo argues that this figure should be reduced to $5,793.60.

The bulk of APG-Neuros's request is for the preparation of fourteen deposition transcripts. KTurbo does not contend that any of those transcripts were unnecessary, but it does contend that some of the specific charges claimed by APG-Neuros with regard to those transcripts were not reasonable and necessary. First, KTurbo argues that APG-Neuros is not entitled to recover the additional cost of expedited transcripts. Only fees for transcripts "necessarily obtained for use in the case" are recoverable. *See* 28 U.S.C. § 1920. This district's Local Rule 54.1(b) provides that those costs are limited to the rates established by the Judicial Conference at the time the depositions were taken: "Except as otherwise ordered by the court, only the cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel and, for depositions, the copy provided to the court shall be allowed." LR 54.1. Effective

October 29, 2007, the regular copy rate is set at a maximum of $3.65 per page, plus $.90 for copies to each party. *See* Maximum Transcript Rates, http://www.ilnd.uscourts.gov/CLERKS_OFFICE/CrtReporter/trnscrpt.htm. Parties cannot recover the added cost of expedited transcripts unless they can show that it was reasonable and necessary to order transcripts on an expedited basis. *See Winfrey v. City of Chicago*, No. 96 C 1208, 2000 WL 1222152, at *2 (N.D. Ill. Aug. 22, 2000).

In response to KTurbo's objections, APG-Neuros withdrew any requests for fees for expedited transcripts and reduced its request for those charges to the regular rate of $3.65 per page, bringing the total amount requested for deposition transcripts down to $7,564.60.

However, only $5,391.20 of that amount is for the cost of the transcript copies themselves. Those charges are adequately documented and will be allowed. The remaining requested costs are for charges identified on various invoices as exhibit reproduction, archive fees, delivery charges, attendance fees, technical fees, handling and production, and shipping charges. KTurbo argues that none of these incidental charges should be allowed. Some courts in this district have allowed them. *See, e.g., Rexam Beverage Can Co. v. Bolger*, No. 06 C 2234, 2008 WL 5068824, at *9 (N.D. Ill. Nov. 25, 2008). Others have not. *See, e.g., Fletcher v. Chicago Rail Link, LLC*, No. 06 C 842, 2007 WL 4557816, at *2 (N.D. Ill. Dec. 20, 2007).

Regardless of whether such charges can be recovered generally, APG-Neuros has not shown that it is entitled to those charges in this specific case. Although the requested incidental fees do appear on the invoices submitted by APG-Neuros, APG-Neuros does not explain why those additional charges were necessary. Instead, one of APG-Neuros's

attorneys merely states in a declaration that "Plaintiffs seek costs associated with processing and/or copying of deposition exhibits" and that those costs "were reasonably necessary" because "[d]eposition transcripts were voluminous, and often in color" and because "[b]oth parties received the benefit of having the court reporters process the exhibits." (*See* Declaration of David Pocius, Esq. ¶ 7.) These conclusory statements do not establish that each of the various line items on the transcript invoices is a reasonable and necessary charge. APG-Neuros's request for incidental charges is denied. Costs for deposition transcripts are allowed in the amount of $5,391.20.

APG-Neuros also requests costs associated with expedited transcripts of a discovery hearing before Magistrate Judge Valdez, regular transcripts of a status hearing on the parties' motions *in limine*, and daily transcripts of the five-day bench trial. KTurbo argues that the transcripts were prepared merely for the convenience of APG-Neuros's attorneys and that, at any rate, APG-Neuros has not justified its request for additional fees associated with expedited and daily transcripts.

KTurbo's cursory argument regarding the necessity of trial transcripts is unpersuasive. Those transcripts were relied upon extensively by both parties to prepare their post-trial briefs and proposed findings of fact and conclusions of law, and they were necessary to the ultimate resolution of this case. With regard to the added cost of daily transcripts, such costs for complex trials have been allowed by numerous courts, *see Majeske v. City of Chicago*, 218 F.3d 816, 825 n.3 (7th Cir. 2000) (*Majeske*) (compiling cases) – including this one, *see, e.g., Autozone, Inc. v. Strick*, No. 03 C 8152, 2010 WL 2365523, at *2 (N.D. Ill. June 9, 2010). This trial was, indeed, complex, involving extensive expert testimony. Additionally, the parties agreed before trial that

they would order daily transcripts and split the expense. Such an agreement has been considered to support a later request for the added cost of daily transcripts. *See Glenayre Electrics, Inc. v. Jackson*, No. 02 C 0265, 2003 WL 21947112, at *1 (N.D. Ill. Aug. 11, 2003). APG-Neuros's request for its share of the cost of the daily trial transcripts ($3,947.61) is allowed.

APG-Neuros's request for the $21.90 cost of a six-page transcript from a status hearing on the parties' motions *in limine* is also allowed. APG-Neuros relied upon that transcript in a motion to clarify a minute entry entered after the hearing. (*See* Docket No. 181.) The Court granted the motion at a subsequent hearing and in a minute order. (*See* Docket No. 184.)

With regard to APG-Neuros's request for costs associated with the transcript from the hearing before Judge Valdez, however, APG-Neuros has not met its burden of showing that the transcript was necessary. APG-Neuros represents that it ordered the transcript (on an expedited basis) in order to respond to KTurbo's objection to Judge Valdez's ruling on APG-Neuros's motion to exclude certain information produced by KTurbo. Following a hearing on that motion (and three other motions), Judge Valdez issued a 16-page written order. (*See* Docket No. 105.) In its response to KTurbo's objections, APG-Neuros cited the hearing transcript a total of three times. The first is a parallel cite to the entire transcript in support of Judge Valdez's holding regarding the preclusion of certain damages evidence. (*See* Docket No. 124, at 5.) The second is contained in a footnote, explaining how Judge Valdez elaborated on her statement that Rule 26(a) requires automatic disclosures. (*See id.* at 7 n.4.) And the third is in support of an assertion that KTurbo delayed in seeking documents from certain public entities

(*see id.* at 12), a point not relied upon by Judge Valdez in her order. The order subject to KTurbo's objections was stated clearly in writing, and neither party argued that a transcript was necessary to interpret any ambiguity. APG-Neuros has not shown its use of that transcript to be necessary, and its request for associated costs is denied.

## Witness Fees and Expenses

APG-Neuros seeks to recover $7,279.29 in travel expenses and preparation fees for its expert witness, Nicholas D'Orsi, as well as $81.40 in witness fees and mileage for HeonSeok Lee, KTurbo's CEO. There is no objection to the latter request, and it will be allowed.

KTurbo does, however, object to the costs asserted for APG-Neuros's expert witness. Reasonable travel, lodging, and subsistence expenses are recoverable costs. *Majeske*, 218 F.3d at 825-26. APG-Neuros has submitted documentation showing that expenses related to D'Orsi's travel for a deposition (lodging, airfare, meals, and expenses) totaled $991.26 and that expenses related to his travel for the trial totaled $1,306.03. KTurbo asserts that it has already paid $2,669.92 in expenses for D'Orsi's deposition. APG-Neuros acknowledges that it made an error and reduced its request for travel expenses to those associated with the trial only ($1,306.03). However, APG-Neuros also requests $5,000 for the time D'Orsi spent preparing for the deposition.

APG-Neuros cites a single case for its proposition that compensation for deposition preparation is appropriate in cases where experts must review voluminous documents: *McClain v. Owens-Corning Fiberglass Corp.*, No. 89 C 6226, 1996 WL 650524, at *3 (N.D. Ill. Nov. 7, 1996) (*McClain*). APG-Neuros then asserts that this case was complex, that D'Orsi had to review thousands of pages of materials,

7

and that he is entitled to $250 per hour for the 20 hours he spent testifying and preparing for his deposition.

Notably, *McClain*, the sole case on which APG-Neuros relies, actually *denied* costs for all but the actual time that the expert witness spent in his deposition because the plaintiff did not substantiate his preparation time in sufficient detail. *Id.* APG-Neuros's request here is similarly lacking in detail. APG-Neuros's request is for 20 hours of D'Orsi's time at a rate of $250 per hour for the time D'Orsi spent preparing for the deposition as well as time spent testifying. D'Orsi's invoice, on the other hand, states that it is for 20 hours of "travel and deposition preparation time." (Ex. 5 to Bill of Costs.) It is not itemized in a manner that separates travel time from preparation time, and APG-Neuros cites no authority to support an entitlement to travel time charged at an expert's normal hourly rate. Furthermore, APG-Neuros's request for fees associated with the preparation and giving of D'Orsi's deposition is not consistent with its representation that the fees KTurbo already paid were for travel expenses *and the deposition itself*. Moreover, the inter-counsel correspondence highlighted by APG-Neuros contains the following statement from APG-Neuros's counsel, which undermines APG-Neuros's current request for preparation expenses: "As I let you know previously, Mr. D'Orsi did not charge for any prep time." (*See* Ex. 1 to Decl. of Connie Sue Martin in Supp. of Def.'s Obj. to Pls.' Cost Bill, at 1-2.) APG-Neuros's request for costs associated with the preparation of D'Orsi's deposition is denied. APG-Neuros is allowed a total of $1,387.43 for witness fees and expenses.

*Copying Charges*

APG-Neuros's Bill of Costs identifies $9,775.36 in copying costs. Fees for copies that are necessarily obtained for use in the case are recoverable. *See* 28 U.S.C. § 1920(4). Courts interpret this section to mean that photocopying charges for discovery and court copies are recoverable, but charges for copies made for attorney convenience are not. *See Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000); *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990).

In response to KTurbo's objection that many of those costs were not sufficiently supported, APG-Neuros eliminated over half of its requested charges and now limits its request only to those "charges for copies that the record indisputably confirms were used in the case." (Pls.' Reply in Supp. of Bill of Costs 6.) APG-Neuros's revised request is for reproductions of hard copies of documents obtained from third parties, documents used in connection with pre- and post-trial filings, and exhibits for depositions and trial. Per-page charges are between $.08 and $.15 for black-and-white copies and are for a maximum of $1.00 for color copies. Through invoices and declarations, APG-Neuros has met its burden of showing that these charges were both reasonable and necessary. Costs for copying charges are allowed in the amount of $4,783.79.

*Exemplification Expenses*

APG-Neuros also seeks to recover $3,290.83 in costs incurred to create demonstrative exhibits for trial. "Exemplification" costs are expressly recoverable under the statute, *see* 28 U.S.C. § 1920(4), and courts in this district have specifically permitted recovery for amounts paid to vendors for the preparation of trial exhibits, *see Interclaim Holdings Ltd. v. Ness, Motley, Loadholt, Richardson & Poole*, No. 00 C 7620,

2004 WL 557388, at *3 (N.D. Ill. Mar. 22, 2004); *Chemetall Gmbh v. ZR Energy, Inc.*, No. 99 C 4334, 2001 WL 1104604, at *31 (N.D. Ill. Sept. 18, 2001). APG-Neuros supports its claim with an invoice from a graphics vendor. KTurbo does not object. Costs are allowed for APG-Neuros's exemplification expenses in the amount of $3,290.83.

*Interpreter Compensation*

A number of witnesses in this case were South Korean nationals and required the services of an interpreter for depositions and for trial. APG-Neuros seeks to recover the cost of compensating those interpreters pursuant to 28 U.S.C. § 1920(6) and supports its claim of entitlement with copies of invoices. KTurbo does not object. Costs are allowed for interpreter compensation in the amount of $4,312.50.

**CONCLUSION**

For the reasons stated above, APG-Neuros's Bill of Costs is allowed in part and denied in part. Costs shall be taxed in favor of Neuros Co., Ltd. and Aviation and Power Group, Inc. and against KTurbo, Inc. in the amount of $23,655.26, as follows:

| | |
|---|---|
| For fees of the clerk and service of process: | $520.00 |
| For transcript costs: | $9,360.71 |
| For witness fees and expenses: | $1,387.43 |
| For copying charges: | $4,783.79 |
| For exemplification charges: | $3,290.83 |
| For interpreter services: | <u>$4,312.50</u> |
| **Total:** | **$23,655.26** |

Date: *August 25, 2011*

_____
JOHN W. DARRAH
United States District Court Judge